Hand-Delivered

# UNITED STATES DISTRICT COURT

Kanisha Monique Latrice Erwin

*Plaintiff(s)*

-v-

Gaston County Department of Health & Human Services

Angela C. Karchmer

Tereasa L. Osborne

Statesville Housing Authority

Destiny Higginbotham

Cathy Chambers

*Defendant(s)*

FILED
CHARLOTTE, NC

NOV 13 2023

US DISTRICT COURT
WESTERN DISTRICT OF NC

## COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS

(Non-Prisoner Complaint)

**The Parties to This Complaint**

**B. The Defendant(s)**

  Defendant No. 5

  **Name:** Destiny Higginbotham

  **Job or Title:** Housing Manager

  **Address:** 635 Noles Drive Mt. Holly N.C. 28120

  **County:** Gaston

  **Telephone Number:** (704) 761-4769 Ext. 271

    Official capacity

**Defendant No. 6**

**Name:** Cathy Chambers

**Job or Title:** Deputy Executive Director of Housing Operations File

**Address:** 635 Noles Drive Mt. Holly N.C. 28120

**County:** Gaston

**Telephone Number:** (704) 761-4769 Ext. 271

        Official capacity

**Basis for Jurisdiction**

**B.** I the Plaintiff, Kanisha M. L. Erwin is suing under section 1983. The state and local officials' violations against my civil rights that are protected by the Constitution and federal laws. The following laws have been violated by the state and local officials: Section 1. The equality and rights of persons. Section 12. Right of assembly and petition. Section 13. Religious liberty. Section 14. Freedom of speech and press. Section 18. Court shall be open. Section 19. Law of the land; equal protection of the laws. Section 20. General Warrants. The Constitution of the United States laws, Amendment 1, Amendment 4, and Amendment 14. Section 1, Equal Protection Clause, is being violated by the defendants. The trial court's order judgment directly involves a substantial question arising under the Fourth and Fourteenth Amendments to the Constitution of the United States, in that it violates my rights by depriving me an opportunity to be heard sometime before the final judgment was entered on 18 April 2022. In the trial court's order filed 18 April 2022, located in the "ADJUDICATION HEARING" section, paragraphs #10 - #23, contains supporting details that the trial court proceeded with the trial hearing on 13 January 2022, without me being present, due to sicknesses. I informed my attorneys that I was sick, and I sent them pictures of the mold in the apartment. The mold caused me the sickness. Which is a violation of due process for a State to enforce a judgment against a party to a proceeding without having given her an opportunity to be heard sometime before final judgment is entered. The trial court violated the equal protection laws, under the Fourteenth Amendments to the Constitution of the United States, by treating me differently from the prosecution and petitioners, Department of Social Services.

**D.** Beginning in December of 2014 and still occurring, the Department of Social Services civil rights violations under the Fourth Amendment to the Constitution of the United States: The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall

issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. The defendants' violations "under color of law" acts occurred when they conspired with one another to retaliate against me. My parental rights have been terminated based on false allegations against me. In January of 2022 I attended the trial hearing. Yet I got sick at the trial, due to living in the long-term mold contaminated apartment. I was deprived of a continuance. The most recent conspiracies occurred in 2023 and began in 2017: because the Supreme Court in Raleigh North Carolina based the decisions on the untrue accusations against me. The petitions that were submitted to the Supreme Court in N.C. contain false allegations against me. The Gaston County DHHS submitted those same petitions to the district court in Gaston County. I was deprived of my rights to a fair trial in 2019 and 2022. The Statesville Housing Authority', leasing managers, Cathy Chambers and Destiny Higginbotham, neglected the mold damages, from May of 2017 until March of 2022. In March of 2022 Cathy Chambers emailed me mold inspection evaluation results. The documents contained the wrong address. By April of 2022 the Gaston County district court terminated my parental rights. Statesville Housing Authority withheld evidence until after my parental rights were terminated. Such as the Statesville Housing Authority' Housing Manager, Destiny Higginbotham and the Deputy Executive Director of Housing Operations File, Cathy Chambers, refused to repair severe mold damages in 2017. Though the leasing agreement and law states that the landlord is responsible for all repairs, the Gaston County Department of Health & Human Services, held me accountable for the repairs. Between May of 2017 through November of 2017. In May of 2017 the Gaston County

DHHS opened an investigation, stating that they received a report that my children living in an injurious unit. I have emails from Gaston County DHHS social worker, Latasha Wright in 2017 stating that the DHHS agency doesn't interfere with landlord and tenant issues. Yet on February 10th of 2021, the Gaston County DHHS filed a Petition for Termination of Parental Rights, that contains the original petitions. The original petition states that social worker, Latasha Wright assisted my family with housing services. I have emails from Latasha refusing to assist my family with housing services. The Gaston County DHHS petition states that there wasn't and mold in the apartment and that my concerns were signs of mental illness behaviors. The Gaston County DHHS allegations in the Petition for Termination of Parental Rights states, I was showing signs of mental illness and that I had deficient and impaired judgements. Which were grounds for the agency to remove my children. The Gaston County DHHS deprived me of my parental rights. Such as my children's placement in foster care, my custody, my children's well-being, school records, and medical records. Both my children suffered injuries shortly after being removed from my custody. Both injuries could have been caused by the mold in the unit. My youngest son suffered from breathing complications, which did not occur until DHHS took my children. My oldest son suffered from genital injury, which did not occur until after my children were taken from my custody. I was accused of neglect and dependency. The mold evaluation results in 2022 show that the apartment was infected with long-term mold exposure. I was deprived of my rights to present the discovery evidence to the court. Even though the agency refused to assist with housing prior to the removal of my children, on January 12th of 2022, social worker Rachel McDowell testified that she informed the

Statesville Housing Authority, leasing office manager, that I had abandoned my apartment. In November of 2021 the Statesville Housing Authority, Housing manager, Destiny Higginbotham, emailed me regarding Rachel McDowell's visit. The information was false statements. The petitions also state my concerns for my child's medical treatment affected my decision making and judgements. As well as signs of mental illness behaviors. Yet the Petition for Termination of Parental Rights, filed in 2021, contains the "Predisposition Report", which was filed months after my children were taken from me. The report states that the Gaston County DHHS agency had concerns that my child had development delays which manifest in lack of verbal skills, severe tantrums, and inability to successfully engage in age-appropriate skills and activities. But the agency alleged my concerns were signs of mental illness behaviors. The Gaston County DHHS took my children to punish me for filing civil complaints against Gaston County DHHS agency for harassment and slander, local medical physicians for medical negligence, and the Statesville Housing Authority for negligence. My parental rights were terminated, based on insufficient findings. The petition to terminate my parental rights, filed on February 10th of 2021, located on page 6 section (e), states "from May 8, 2018, through March 21, 2019, Respondent/mother regularly submitted to drug screens with negative results." Also located on page 6 section (g), states "From March 20, 2019, until May 20, 2020, Respondent/mother did have negative urine drug screens when she did submit to drug screen, Respondent/mother was not fully compliant with the department efforts to screen her for substance use during this time. Due to covid 19 pandemic restrictions and transportations limitations, I missed very few drug screens. However, my children removed based on unlawful acts and the agency

violated my rights to drug test me. In 2017 I was introduced to cocaine for the first time. My children and I were temporarily residing with my relative, due to the mold in the apartment causing one of my child's sicknesses and my other child was an infant at the time. My relative put us out and we stayed a night at an ex-boyfriend house, and he force me to use drugs. I have evidence to support my truth. My children have been taken unlawfully; I have been deprived of my rights. I respectfully ask the court for a fair opportunity for trial to present my evidence and appointed counsel. I did not have a attorney for the appeal process and I am a SSI recipient so I'm unable to afford legal representation. I believe I did not follow the court procedures and rules at the Pro Se proceedings. I'm desperately asking the court to appoint me legal representation. If possible, I ask that the Department of Justice assist my family with this case. I'm suing the defendants to regain custody of my children and I'm also suing the defendants for $50 million dollars settlement amount for withholding my children unlawfully for six years, slander, conspiracies, violation of civil rights, and pain and suffering. Statesville Housing Authority unlawfully evicted and refused to comply with the court order to grant access to the apartment. I'm suing them for $300,000 dollars. **Beginning in May of 2017 to November of 2022, the leasing office managers neglected to provide the necessary repairs to the damaged properties. Also causing my children to be removed from my custody in November of 2017. Such as false accusations of having deficient and impaired judgments of the injurious conditions of the defendant's property. The N.C. General Statutes 42-42(b) states, even if the**

tenant agrees to be responsible for the repairs or the lease agreement says the landlord doesn't have to make repairs, the landlord is still responsible for making the repairs. The landlord failure to make the repairs, entitles the plaintiff to rent abatement. On April 18th, of 2022, the Gaston County District Court 27A, terminated my parental rights. Based upon the Statesville Housing Authority's injurious damages in the units.

In November of 2022 Statesville Housing Authority unlawfully proceeds to padlock the property, caused multiple losses of personal belongings and damages. The landlord's negligence of providing the repairs occurred from May of 2017 to November of 2022. Due to the conditions of the damage's causing sickness and illness I have been temporarily residing between multiple relatives and occasionally residing at the injurious residence. Which caused financial debts because I had to pay the cost to stay with my family and I was also paying for the rent and utilities of property. Plaintiff's civil rights as a tenant, pertaining to the **"Implied Warranty of Habitability"** law; were neglected by Statesville Housing Authority. Such as severe mold damages, the call box for landline service didn't have any wires, air conditioning unit motor was broken, and the gas heater smelled of smoke; causing the smoke detectors to detect smoke.

**Statement of Claim**

C. Beginning in December of 2014 and still occurring, the Department of Social Services civil rights violations. By unreasonable searches of personal medical records, mental health records, and home and unreasonable seizures, such as the wrongful removal of my children. Beginning in December 2014 to 3 November 2017, the Department of Social Service's Safety Assessment documents lack any observations to support the allegations of me failing to meet the safety factor identifications. The Safety Assessments documents lacks any reports to support the allegations of substances abuse. On 3 November 2017, the Department of Social Service's allegations of mental illness led to the removal of my children. In January of 2017, my children and I were forced to transition to another apartment to resolve neighbor's complaints, the leasing office manager threatened to evict my children and me if I failed to comply. The alternative apartment was injurious to the family due to severe mold contaminations. In 2017 the Department of Social Services false allegations against me were based on my concerns, judgements, and acts caused by the housing manager's negligence to repair the damages in the home. The leasing agreement states the landlord is responsible for making repairs. The Department wrongfully accused me of being mentally ill based on her decisions to provide a safe environment for her children. My children and I suffered housing discrimination during the timeframe of the Department of Social services investigations in 2017. From May 2017 to May 2022 the landlord continued to neglect the repairs. On 10 October 2022 I submitted evidence that supports the long-term exposure of fungi spores and mold contaminations to the North Carolina Court of Appeals. In January of 2022 I reported my sicknesses caused by the discovery evidence to guardian ad litem Holden Clark and attorney Michele McPhatter. By emailing photos of the damage. Both counselors neglected to present the reports to the court. The mold test took place in March of 2022. The Department of Social Services failed to prove by clear and convincing evidence that due to mental illness, that I'm incapable of providing for the care and supervision of her children, where the only evidence offered by DSS to show that I was mentally incapable of caring for her children was the testimony of the doctor who testified that the fact that someone carries a diagnosis of personality disorder does not that the person is incapable of raising children and behavior patterns by itself did not mean that I was incapable of taking care of her children. The judgment in the trial court's order filed on 18 April 2022, terminating respondent-mother's parental rights. Which lacks finding facts that are supported by clear, cogent, and convincing evidence and wasn't based on proper legal grounds. In the trial court's order filed 18 April 2022, located in the "ADJUDICATION HEARING" section, paragraphs #10 - #23, contains supporting details that the trial court proceeded with the trial hearing on 13 January 2022, without the respondent-mother's presence. On 15 September 2021 the trial court restricted both parties from requesting any continuance and extended time within the trial period. The District Court Judge John K. Greenlee also rejected the mother's request to waive her rights to be represented by the court's appointed counsel. On 15 September 2021 the trial court erred by

failing to inform the provisional court appointed counselor at that time. Yet allowing court appointed attorney, Cynthia S. Morris to withdraw, appointing Holden Clark as the guardian ad litem, and still scheduling the trial hearing for 8 November 2021. On 8 November 2021 the trial court did not proceed due to the prosecution's failure to provide evidence to the trial court. On 12 January 2022 I did not return to the trial court hearing due to sicknesses possibly caused by long-term exposure to mold contaminations. On 13 January 2022 the trial court did not proceed due to my absence caused by illness. The trial court terminated my parental rights on 13 January 2022 but did not submit the trial court order until 18 April 2022. The trial court errors of not reviewing evidence and failures of hold a fair trial hearing.

Respectfully submitted By

Kanisha M. L. Erwin
Kanesha M. L. Erwin

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

_____ Division

| | |
|---|---|
| **See Attached** ) <br> _Plaintiff(s)_ <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br><br> **See Attached** <br> _Defendant(s)_ <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.) | Case No. _____ <br> (to be filled in by the Clerk's Office) <br><br> Jury Trial: (check one) ☑ Yes ☐ No |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

**NOTICE**

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Kanisha M. L. Erwin
Address: 1530 Seigle Ave Apt. G
Gastonia, N.C. 28054
City / State / Zip Code

County: Gaston
Telephone Number: 980 989 7730
E-Mail Address: KanishamLerwin@outlook.com

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Angela C. Karchmer
Job or Title (if known): Director of the Gaston County DHHS
Address: 330 Dr. Martin Luther King, Jr. Way
Gastonia, NC 28052
City / State / Zip Code

County: Gaston
Telephone Number: 704 862 7500
E-Mail Address (if known):

[ ] Individual capacity  [✓] Official capacity

Defendant No. 2
Name: Tereasa L. Osborne
Job or Title (if known): Gaston County DHHS Attorney
Address: 330 Dr. Martin Luther King Jr.
Gastonia, NC 28052
City / State / Zip Code

County: Gaston
Telephone Number: 704 862-7500
E-Mail Address (if known):

[ ] Individual capacity  [✓] Official capacity

Defendant No. 3
Name: Gaston County Department of Health and Human Services
Job or Title (if known):
Address: 330 Dr. Martin Luther King Jr.
City: Gastonia   State: NC   Zip Code: 28052
County: Gaston
Telephone Number: 704 862 7500
E-Mail Address (if known):

[ ] Individual capacity   [✓] Official capacity

Defendant No. 4
Name: Statesville Housing Authority
Job or Title (if known):
Address: 635 Noles Drive
City: Mt. Holly   State: NC   Zip Code: 28120
County: Gaston
Telephone Number: 704 761 4769
E-Mail Address (if known):

[ ] Individual capacity   [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

see attached

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attached

III. **Statement of Claim**

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

Gaston County
Gastonia N.C. / Mt. Holly N.C.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Beginning in 2014 through September 2023. The civil rights violations, pertaining to the removal of my children began in 2017 and is still occurring

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

My parental rights has been terminated, based upon untrue statements. Due to the conspiracies between the Gaston County DHHS and the Statesville Housing Authority, I have been deprived of my rights of presenting evidence to the trial court. For six years I have been deprived from having custody of my two children.
See Attached

## IV. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I suffer from being separated from my children for six years. I also suffer from being slandered and undeserved punishments. As well as my civil rights being violated.

## V. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

I respectfully ask the court to review and investigate the facts and evidence that I bring forth and grant me custody of my children. I also ask for an opportunity to a fair trial. As well as an court appointed counsel. I am suing the Gaston County Department of Health and Human Services for 50 million dollars. I ask the court to grant custody of my children and the settlement amount of 50 million dollars. I also ask the court to grant the subpoena to produce document, information, or objects or to permit inspection of premises in civil action.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____

Signature of Plaintiff _____
Printed Name of Plaintiff _____

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____
Printed Name of Attorney _____
Bar Number _____
Name of Law Firm _____
Address _____
                *City*      *State*      *Zip Code*
Telephone Number _____
E-mail Address _____