UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-762-FDW-SCR

| | |
|---|---|
| KANISHA MONIQUE LATRICE ERWIN,       ) | |
| )  | |
| Plaintiff,                          ) | |
| )  | |
| vs.                                 ) | ORDER |
| )  | |
| GASTON COUNTY DEPARTMENT OF         ) | |
| HEALTH & HUMAN SERVICES, et al.,    ) | |
| )  | |
| Defendants.                         ) | |

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 7]. The Plaintiff is proceeding in forma pauperis.

### I. BACKGROUND

Pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. The Complaint was dismissed on initial review and the Plaintiff was provided the opportunity to amend. [See Doc. 6]. The Amended Complaint is now before the Court for initial review. [Doc. 7].

She again names as Defendants in their official capacities: the Gaston County Department of Health & Human Services ("DHHS"); the Statesville Housing Authority; Angela C. Karchmer; Tereasa L. Osborne; Destiny Higginbotham; and Cathy Chambers. She additionally names in their official capacities: Rebekah Austin, Rachel E. McDowell, Latasha M. Wright, and Sonya F. Smith, Gaston County social workers; Jennifer Helms, a Gaston County social worker/supervisor; Holden Clark and Scott Rosenberg, appointed guardians ad litem; Cynthia S. Morris, James Bowman, and Michele McPhatter, appointed counsel; and the Gaston County Courthouse.

The Plaintiff claims that the Defendants have violated her First, Fourth, Twelfth, Thirteenth, Fourteenth, and Nineteenth Amendment rights. As in the original Complaint, she appears to claim that the Defendants discriminated and conspired against her and violated numerous civil rights by *inter alia* accusing her of being mentally unstable and neglecting her children, forcing her to take mental health medications, preventing her from obtaining medical care for her child, depriving her of suitable housing, subjecting to her a birth that injured her and her child and, ultimately, the erroneous termination of her parental rights. For injury, she appears to claim that her children were taken away from her and were injured in foster care. [Doc. 7 at 19]. She seeks $200 million in damages ($100 million from DHHS, $50 million from the Gaston County Courthouse, and $50 million from the Statesville Housing Authority), and for the Court to review evidence that her children have been unlawfully removed from her care. [Id. at 19-20].

II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore

2

a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III. DISCUSSION**

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Amended Complaint suffers from the same serious deficiencies as the original Complaint. The Plaintiff again asserts official-capacity claims that cannot proceed, and she names as Defendants government bodies and a courthouse that are not amenable to suit under § 1983. [See Doc. 6]. It also appears that the Plaintiff again seeks to challenge a state court child custody determination which, as the Court previously explained, is barred and outside of the Court's jurisdiction. [Id.]. The Plaintiff's legal theories and factual allegations are so deficient and bizarre that the Court determines the entire action to be frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i); Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009), *abrogated on other grounds by* Lomax v. Ortiz-Marquez, 590 U.S. __, 140 S. Ct. 1721, 207 L.Ed.2d 132 (2020) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'").

As such, the Plaintiff's Amended Complaint fails initial review. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend and Plaintiff has

3

Case 3:23-cv-00762-FDW-SCR   Document 8   Filed 01/10/24   Page 3 of 4

evinced no intention to heed or follow the Court's orders or instructions, rendering further amendment futile. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, this action is dismissed with prejudice.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The Clerk is respectfully instructed to close this case.

Signed: January 10, 2024

Frank D. Whitney
United States District Judge